**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRIAN WEST,<br>Defendant. | Criminal Action No.: 22-cr-00813 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Defendant Brian West's ("West" or "Defendant") *pro se* application for early termination of his five-year sentence of supervised release. (ECF Nos. 5, 7.) The United States of America (the "Government") opposed the application. (ECF No. 9.) The Court has considered the submissions filed in connection with Defendant's application, including the United States Probation Office's ("Probation") response of non-opposition ("Probation's Response"), and decides this matter without oral argument pursuant to Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, Defendant's application is **GRANTED**.

## I. BACKGROUND

On October 20, 2014, West entered a guilty plea in the Northern District of New York to a single count of a four-count Indictment charging him with Conspiracy to Possess Cocaine and Cocaine Base with Intent to Distribute in violation of 21 U.S.C. §§ 846(a)(1) and (b)(1)(A) (Count One). (*See* Judgment, ECF No. 2 at *5.) On February 17, 2015, West was sentenced to a 120-month term of imprisonment followed by five years of supervised release. (*Id.* at *6-7.) West was

also ordered to abide by the special conditions of Substance Abuse Testing/Treatment and Prohibition on Gangs/Criminal Associations. (*Id*. at *4.)

West's term of supervised release commenced on January 20, 2022. (*Id*. at *1.) On December 5, 2022, jurisdiction was transferred from the Northern District of New York to the District of New Jersey. (*Id*.)

On February 14, 2025, West filed the instant application for early termination of supervised release. (Def.'s Appl., ECF Nos. 5, 7.) The Government opposed West's motion (ECF No. 9), and Probation submitted a response of non-opposition.

## II. LEGAL STANDARD

The Court may terminate a term of supervised release before its expiration under 18 U.S.C. § 3583. The statute reads, in relevant part, as follows:

> **--**The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) **--**
>
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). As is routine in dealing with the modification of a defendant's sentence, the statute directs the Court to consider the 18 U.S.C. § 3553(a) factors.[1] In deciding whether to

[1] The § 3553(a) sentencing factors are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *see also United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).

terminate supervision early, the Court has broad discretion under § 3583(e). *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

After considering the § 3553(a) factors and present circumstances of a defendant, district courts may grant early termination only if satisfied that it is "warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52. District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id*. at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *Id*. Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id*. "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such termination." *Id*. (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)). Generally, however, because the imposition of an original sentence should be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), it follows that early termination of supervision should be prompted by a "new or unforeseen circumstance." *Davies*, 746 F. App'x at 89. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable," "is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

## III. **DISCUSSION**[2]

West articulates several reasons why early termination is appropriate in this case, including his compliance with all the conditions of his supervised release, payment of all outstanding fines and penalties, maintained employment, and his commitment to his son. (*See generally* Def.'s Appl.) West commenced supervision on January 20, 2022. (ECF No. 4 at 1.) He completed the New Jersey Reentry Program on February 4, 2022, satisfied his court-ordered financial obligations, and has been employed since September 2022. (*Id.*) These facts are not disputed.

The Government opposes West's application, asserting that he has failed to articulate any new or unforeseen circumstances that justify revisiting the sentence imposed by this Court. (*See generally* ECF No. 9.) As previously stated, however, extraordinary, new or unforeseen circumstances, while of course relevant, are not a prerequisite to relief. *See Melvin*, 978 F.3d at 53. While a change in circumstances is generally the basis for granting early termination of supervised release, the obverse does not follow, i.e., the mere absence of such a change or extraordinary circumstances is not a basis for denying it. *See id*. Thus, the Court finds that a change in circumstances is not necessary in this case and that after review of the § 3553(a) factors, the Court finds that West's conduct during the term of his supervised release warrants early termination of supervised release.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in 18 U.S.C. § 3553(a) and the release is "warranted by the conduct of the

[2] The Transfer Order specifically provides, "This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court." (Order of Transfer of Jurisdiction, ECF No. 1.) Accordingly, this Court reviews this early termination application cognizant of the original sentencing Judge's contemplation of potential amendment the original sentence imposed.

defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The burden is on the defendant to show that early termination is warranted under the factors set out in the statute. *See United States v. McDowell,* 888 F.2d 285, 291 (3d Cir. 1989) ("It therefore logically follows that the burden of ultimate persuasion should rest upon the party attempting to adjust the sentence.").

West was sentenced to a 120-month term of imprisonment followed by five years of supervised release. (Judgment at *6-7.) West was also ordered to abide by the special conditions of Substance Abuse Testing/Treatment and Prohibition on Gangs/Criminal Associations. (Id. at *8.) West served just over seven (7) years of a ten (10) year (120-month) sentence, as West's term of supervised release commenced on January 20, 2022. (*See* Probation Response at 1.)

West has served more than one year of supervised release. To date, West has served approximately four (4) years and seven (7) months of his five (5) year term of supervised release. Accordingly, the Court must now consider the factors under § 3553(a) and whether release would be warranted by West's conduct and in the interest of justice.

**A. Review of Section 3553(a) Factors**

The Court starts with § 3553(a)(1), i.e., the nature and circumstances of West's offense and West's history and characteristics. West committed a serious offense involving the trafficking of large quantities of narcotics around New York. On or about October 20, 2014, he pled guilty to Count One of the Indictment charging him with this crime. (*See* ECF No. 9 at *1.) West received a significant 120-month sentence, of which he was required to serve approximately seven (7) years, so in effect, an early end to his sentence. Here, apart from a single incident of alcohol use (*see generally* ECF No. 4, Report on Individual Under Supervision), which resulted in no formal court action, West has been compliant with supervised release conditions. (*Id.*) Further, West points to his post-release conduct, noting that he has complied with the conditions of his supervision,

maintained employment, and is making positive choices for himself and his family. (Def.'s Appl.) Specifically, West has been compliant with drug testing, drug programs, and curfew, held jobs at FedEx and UPS, and as of September 2024, has worked at a hospital, all of which has occurred during the period of supervised release for the crime of conviction. (*Id.*)

In relation to § 3553(a)(2)(B)–(D) (i.e., the need to afford adequate deterrence, protect the public, and provide the defendant with needed training or treatment), West has had no arrests or convictions since his release from custody. West's full-time employment, compliance with supervised release conditions, community activities speaking with young boys, a stable residence with his cousin in Rahway, and a healthy relationship with his son all support the conclusion that he appears to present a low risk of future criminal activity to the public.

Under § 3553(a)(4)(A) (i.e., the kinds of sentence and sentencing range established for the defendant's crimes), West has served most of his sentence of incarceration, including early release, as well as approximately fifty-five (55) months of supervised release related to the offense of conviction. Thus, West has served a sentence within the applicable guideline range and most of the applicable supervised release term.

With respect to § 3553(a)(5) (i.e., pertinent policy statements from the United States Sentencing Commission), the United States Sentencing Commission has stated in its Commentary to §5D1.4. **Modification, Early Termination, and Extension of Supervised Release (Policy Statement)** as follows:

> (B) **Early Termination. —**When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i) any history of court-reported violations over the term of supervision;

(ii) the ability of the defendant to lawfully self-manage (*e.g.,* the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii) the defendant's substantial compliance with all conditions of supervision;

(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4.

Here, the Court's review of West's undisputed activities during supervised release, considered alongside the foregoing policy considerations, warrants favorable treatment. Regarding § 3553(a)(6) (i.e., the need to avoid unwarranted sentence disparities), there do not appear to be any unwarranted sentence disparities that would result from granting West's motion for early termination after fifty-five (55) months of supervised release. Lastly, regarding § 3553(a)(7) (i.e., the need to provide restitution), West has fully satisfied his restitution obligation. Thus, an examination of the relevant factors under § 3553(a) weighs in favor of granting early termination of supervised release.

**B. Whether Release is in the interest of Justice**

Section 3583(e) provides that the Court "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). The phrase "interests of justice" is "a peculiarly context-specific inquiry," not susceptible to a "general definition." *See Martel v. Clair,* 565 U.S. 648, 663

(2012). West argues that it is in the interests of justice to terminate a term of supervised release when its purpose has been fulfilled. (*See* Def.'s Appl.)[3]

The Third Circuit has recognized that "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Murray,* 692 F.3d 273, 280 (3d Cir. 2012) (quoting *United States v. Albertson,* 645 F.3d 191, 197 (3d Cir. 2011)). Congress intended supervised release to assist offenders as they transition back into their communities. *Id.* (quoting *United States v. Johnson,* 529 U.S. 53, 59 (2000)). Consequently, "supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.*; *see also United States v. Mabry,* 528 F. Supp. 3d 349, 358 (E.D. Pa. 2021).

The Court commends West for complying with the terms of his supervised release; however, it notes that courts in this District have repeatedly found that compliance alone does not justify early termination. *See, e.g.*, *United States v. Dziesiuta*, No. 20-339, 2022 WL 876758, at *3 (D.N.J. Mar. 24, 2022); *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021) (defendant's "compliance with the conditions of his supervision . . . is precisely what is expected of him"); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); *United States v. Paterno*, No. 99-037, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002). Nevertheless, the Court concludes that early termination of West's supervised release term is in the interest of justice because the purpose of supervised release, i.e., his successful reentry into the community, has been accomplished, as evidenced by the examples of his behavior set out herein during the fifty-five (55) months that West has been on his supervised release term.

---

[3] Here, West further contends that early termination of his supervised release would allow him to "travel, enjoy adventures[,] […] be free from [his] probation without having to ask permission to do the positive things [he] want[s,]" [and] allow him to move closer to his son. (*Id.*)

Accordingly, West's application is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, West's application for Early Termination of Supervised Release (ECF Nos. 5, 7) is **GRANTED**. Accordingly, Defendant's term of supervised release is hereby **TERMINATED.** An appropriate Order follows.

**DATED**: 9/1/2026

**JULIEN XAVIER NEALS**
**United States District Judge**